UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

U-SMC/DEMARIA JV1, LLC,

       Plaintiff,

v.                                      CASE NO. 3:25-cv-117-TJC-SJH

PAL ENVIRONMENTAL SAFETY
CORP.,

       Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant PAL Environmental Safety Corp.'s Motion to Strike Portions of Plaintiff's Amended Complaint ("Motion"), Doc. 24, and the response in opposition thereto ("Response"), Doc. 31. The Motion, filed pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("Rule(s)"), seeks to strike discrete portions, comprising four paragraphs of Plaintiff's Amended Complaint ("Amended Complaint"), Doc. 16. *See* Doc. 24 at 3, 5. The Motion is due to be granted in part and denied in part.[1]

### I.    Background

The Amended Complaint asserts claims by Plaintiff against Defendant for declaratory judgment and breach of contract. Doc. 16. In general, the Amended

---

[1] As the Motion seeks to strike only certain paragraphs of the Amended Complaint and is not dispositive of any claim, the undersigned may resolve the Motion by order and not report and recommendation. *See MCC Mgmt. of Naples, Inc. v. Arnold & Porter, LLP*, No. 2:07-cv-387-FtM-29SPC, 2008 WL 4642835, at *1 (M.D. Fla. Oct. 20, 2008).

Complaint alleges that Plaintiff was engaged by the U.S. Navy to perform a national-security related building renovation, that Plaintiff subcontracted with Defendant to provide "turn-key" services on the project, and that Defendant's performance was deficient. *See id.* at 1-3, 5-23. Plaintiff alleges it awarded the subcontract at issue to Defendant on June 8, 2021, that Defendant's performance was plagued by deficiencies, and that Plaintiff ultimately terminated the subcontract effective January 31, 2025, with formal notification arriving shortly thereafter. *See id.* at 6, 9-23. Plaintiff seeks declaratory relief that it properly exercised its right to charge Defendant for costs incurred due to Defendant's failure to perform, declaratory relief that it properly terminated the parties' contract due to Defendant's failure to perform, and damages for breach of contract. *See id.* at 3, 24-29.

## II.    Issues

The Motion seeks to strike paragraphs 72 through 75 ("Paragraphs") of the Amended Complaint. *See* Doc. 24 at 3, 5. The Paragraphs allege as follows:

> 72. In late 2023, PAL needed to change its management and replace its owner and President, Salvatore DiLorenzo.

> 73. On November 8, 2023, the U.S. Attorney's Office for the Eastern District of Virginia announced that it unsealed a 16-count indictment charging Mr. DiLorezo and nine other defendants with racketeering conspiracy, extortion, witness retaliation, and union-related crimes in an attempt to dominate the New York carting and demolition industries.

> 74. According to the U.S. Attorney Office's press release, "The defendants are Joseph Lanni, also known as "Joe Brooklyn" and "Mommino," an alleged captain in the Gambino organized crime family, Diego "Danny" Tantillo, Angelo Gradilone, also known as "Fifi," and James LaForte, alleged Gambino soldiers, Vito Rappa, alleged U.S.-

2

based Sicilian Mafia member and Gambino associate, Francesco Vicari, also known as "Uncle Ciccio," alleged U.S.-based Sicilian Mafia associate and Gambino associate, and Salvatore DiLorenzo, Robert Brooke, Kyle Johnson, also known as "Twin," and Vincent Minsquero, also known as "Vinny Slick," alleged Gambino associates."

75. Following Mr. DiLorenzo's indictment, U/D began engaging with Mr. Aric Domozick as the senior leadership for PAL.

Doc. 16 at 15-16.

Defendant argues that the Paragraphs should be stricken as scandalous and impertinent. Doc. 24 at 2-5. Specifically, Defendant argues that none of the allegations in the Paragraphs have any bearing on Defendant's alleged performance, that none of the individuals named in the Paragraphs are referenced elsewhere in the Amended Complaint, and that Plaintiff continued to deal with Defendant following the indictment at issue. *See generally id.*[2] Defendant in particular takes issue with paragraph 74, which it argues stresses "the Italian-American names and nicknames of the other defendants (none of whom have any connection to the instant litigation) in the criminal action"; Defendant further argues that "allegations regarding this indictment and criminal proceeding are completely irrelevant and immaterial to the issues raised in this litigation." *Id.* at 2.

---

[2] Defendant also argues that Mr. DiLorenzo "was not a signatory to the Subcontract attached as Exhibit 'A' to the Amended Complaint" or to any of the other documents referenced in the Amended Complaint. *Id.* at 4-5. Upon review, however, the Amended Complaint contains no attachment or Exhibit "A." *See* Doc. 16. Nor, to the extent incorporated by reference, is it clear whether the various documents referenced in the Amended Complaint have been filed elsewhere. In general, the Court's review under Rule 12(f) is limited to the pleading, the allegations of which are taken as true. *See, e.g.*, *Burke v. Credit One Bank, N.A.*, No. 8:18-cv-728-EAK-TGW, 2019 WL 1468536, at *2 (M.D. Fla. Feb. 5, 2019); *Perry v. Singh*, No. 6:18-cv-1424-Orl-31TBS, 2018 WL 11488005, at *6 (M.D. Fla. Dec. 18, 2018). In any event, Mr. DiLorenzo's status as a signatory or not does not alter the analysis herein.

Plaintiff, in turn, argues that the Paragraphs are relevant and material. Doc. 31 at 5-9. It argues that "the absence of and need to replace the owner of a company" that was alleged to have various performance issues under a subcontract is relevant, particularly when the leadership change occurred mid-project "and could have (and [Plaintiff] argues has) exacerbated the issues which [Defendant] was already asked to cure." *Id.* at 6. Plaintiff also argues that there is nothing improper with its summarizing the "details of a public, federal indictment issued against Mr. DiLorenzo and his alleged associates that took place during [Defendant's] performance of the contract at issue." *Id.* Ultimately, Plaintiff argues (i) that Defendant "needed to make a senior leadership change because its owner and president was indicted during the pendency of the project is material to the case because it serves to explain one of several reasons for the delay, lack of communication, manpower, abandonment, and other issues that plagued the project"; and (ii) simply "repeating details from Mr. DiLorenzo's indictment and related press release does not rise to the level of impertinent or scandalous." *Id.* at 8.

### III.    Applicable Law

Under Rule 12(f), "[t]he court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." However, "a motion to strike is considered 'a drastic remedy and is disfavored by the courts'"; thus, "a Rule 12(f) motion 'should be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Jolly v. Hoegh Autoliners Shipping AS*, 546 F. Supp. 3d 1105, 1120 (M.D. Fla.

2021) (citations omitted). Courts "have 'broad discretion' in" determining a motion to strike, the purpose of which "is 'to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" *Johnson v. Trump for President, Inc.*, No. 8:19-cv-475-T-02SPF, 2019 WL 2492122, at *2 (M.D. Fla. June 14, 2019) (citation omitted); *see also Lisicki v. Lee Mem'l Health Sys.*, No. 2:19-cv-648-FtM-29MRM, 2019 WL 5887176, at *1 (M.D. Fla. Nov. 12, 2019).

## IV.    Discussion

Defendant argues that the Paragraphs are scandalous[3] and/or immaterial or impertinent.[4] Doc. 24 at 4. Plaintiff disagrees. Doc. 31 at 5-9. The Court agrees in part with Plaintiff and in part with Defendant.

At least at this stage, for the reasons argued in the Response, the Court cannot say that the change of management and ownership of Defendant resulting from Mr. DiLorenzo's indictment during the time alleged "has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party'" sufficient to warrant striking. *Jolly*, 546 F. Supp. 3d at 1120. Nor can the Court say that such allegations are immaterial, impertinent, or scandalous under the circumstances. *See Farrell v. Fla.*, No. 2:15-cv-41-FtM-38CM, 2015 WL 3454227, at *1 (M.D. Fla. May

---

[3] A "'scandalous matter' 'refers to any allegation that unnecessarily reflects on the moral character of an individual, states anything in repulsive language that detracts from the dignity of the court, or casts a cruelly derogatory light on a party or other person.'" *Farrell v. Fla.*, No. 2:15-cv-41-FtM-38CM, 2015 WL 3454227, at *1 (M.D. Fla. May 29, 2015) (citation omitted).

[4] "An 'immaterial matter' is one with no important relationship to the claim or defense, and an 'impertinent' matter is one that does not pertain to the relevant issues." *Sch. Bd. of Osceola Cnty., Fla. v. Gallagher Benefit Servs., Inc.*, No. 6:21-cv-1979-ACC-LHP, 2022 WL 19914514, at *13 (M.D. Fla. June 22, 2022); *see also Farrell*, 2015 WL 3454227, at *1.

29, 2015). In addition, and weighing against striking, paragraphs 72 and 75 are entirely benign, and the indictment at issue and referenced in paragraph 73 has been unsealed and is in the public record. The Court thus denies the Motion as to paragraphs 72, 73, and 75 of the Amended Complaint.

As to paragraph 74 of the Amended Complaint, however, Defendant's argument is well-taken. The press release of the United States Attorney's office—and the names, alleged associations, and alleged nicknames of the various criminal defendants who are not named elsewhere in the Amended Complaint—does not pertain to the relevant issues. Paragraph 74 of the Amended Complaint is unnecessary to provide the material context alleged by Plaintiff; its omission aids "'to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" *Johnson*, 2019 WL 2492122, at *2; *see also Lisicki*, 2019 WL 5887176, at *1.

## V.    Conclusion

Accordingly, the Motion (Doc. 24) is **granted in part and denied in part**. Paragraph 74 of the Amended Complaint is **stricken**, and the Motion is otherwise **denied**.

**DONE AND ORDERED** in Jacksonville, Florida, on May 12, 2025.

Samuel J. Horovitz
United States Magistrate Judge

6

Copies to:

Counsel of Record